**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JAMES J. MORROW,

    Petitioner,

    v.

TERRY TIBBALS, WARDEN,

    Respondent.

CASE NO. 2:13-CV-279
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE ABEL

**OPINION AND ORDER**

On May 27, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. This Court has conducted a de novo review. See 28 U.S.C. § 636(b). For the reasons that follow, Petitioner's *Objection*, Doc. No. 14, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

This case involves Petitioner's convictions after a jury trial on aggravated burglary, aggravated robbery, kidnapping, theft, and the possession of criminal tools. The Ohio Fifth District Court of Appeals affirmed Petitioner's convictions and sentence, and the Ohio Supreme Court denied Petitioner's appeal. Petitioner asserts, in these habeas corpus proceedings, that he was denied a fair trial because the trial court prohibited defense counsel from cross-examining the alleged victim, Robert Croy, regarding his motive to lie (claim one); and that the trial court improperly denied his motion to merge allied offenses of similar import (claim two). The Magistrate Judge recommended the dismissal of both of these claims on the merits. The Magistrate Judge construed the petition additionally to raise a claim that the trial court

improperly prohibited his attorney from cross-examining Croy regarding certain cellular phone records. The Magistrate Judge recommended dismissal of that claim as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendations. He disputes the factual finding of the state appellate court that evidence indicated Petitioner threw a cell phone belonging to the alleged victim down a sewer so that he would no longer be in possession of the fruits of the crime. Petitioner denies he took a cell phone from Croy. He states that he asked his attorney to obtain phone records that would establish Croy was lying. *Objection*, Doc. No. 14, PageID# 636. Petitioner also objects to the Magistrate Judge's recommendation of dismissal as procedurally defaulted his claim that the trial court denied him a fair trial when it prohibited defense counsel from cross-examining Croy regarding certain cellular phone records. Petitioner asserts, as cause for his failure to raise this claim on direct appeal, that he was denied effective assistance of counsel. PageID# 636-37.

The factual findings of the state appellate court are presumed to be correct, 28 U.S.C. 2254(e), and Petitioner has failed to rebut the presumption of correctness of the state court's finding that the facts indicated that Petitioner threw a cell phone into the sewer. (*See Trial Transcript*, Doc. 8-1, PageID# 308). Further, the factual finding regarding this issue does not assist Petitioner in establishing any of his claims for relief. As discussed by the Magistrate Judge, the denial of the effective assistance of counsel cannot constitute cause for Petitioner's procedural default, as Petitioner never presented such claim to the state courts.

Petitioner's *Objection*, Doc. No. 14, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Date: June 19, 2014

       _____s/James L. Graham_____
       JAMES L. GRAHAM
       United States District Judge